No. 2576.

WESTERN UNION TELEGRAPH CO. *v.* H. SHEFFIELD & SON.

1. TELEGRAPH MESSAGE—NOTICE.—The message, "You had better come and attend to your claim at once," imparted notice of its purpose and the importance of its prompt delivery, so as to bring such matters within the contemplation of the parties in the contract for its transmission.

2. NOTICE—CARE.—The duty of carefulness in the transmission and delivery of such message would not have been more fully indicated to the telegraph company by the insertion 'therein of the names of the debtors, in absence of testimony showing otherwise.

3. DUTY OF CARE AGAINST LOSS BY CREDITOR.—The law does not impose upon a creditor the duty of further investment of his money to secure himself against loss from the breach of a contract by which such loss is caused.

4. MEASURE OF DAMAGE.—Failing to collect his notes by reason of not receiving the dispatch, the measure of damages would be the cost of the message, the value of the notes at the time and eight per cent interest until day of trial.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

This suit was brought by the appellees, H. Sheffield & Son, in the district Court of Marion county, to recover of appellant actual and exemplary damages for delay in transmitting the following telegram:

"October 27th, 1886.

To H. SHEFFIELD & SON,
                 Lodi, Texas.
    You had better come and attend to your claim at once.
                          [Signed]        W. T. ATKINS."

Appellees allege that the said message was delivered to appellant's agent at Jefferson, Texas, by W. T. Atkins, the cashier of the National bank at Jefferson, Texas, at half past three o'clock p. m. of October 27, 1886, and was not delivered to appellees, Sheffield & Son, until eight o'clock a. m. on October 28, 1886; that Lodi was only nine miles from Jefferson, Texas,

and that the appellees, the Sheffields, were in Lodi from the date of sending said message up to the time of its delivery to them; that they were merchants doing business in said town, and were well known there, and were well known to appellant's agent in said town; that the failure to transmit and deliver the said message was caused by the gross and willful neglect of appellant and its said agent.

Appellees' basis of damages, as claimed, are, that they held three notes of Jones, Edgeworth & Sellers, one for six hundred and seventy-seven dollars and seventy-four cents, of date July 29, 1886, payable September 15, 1886, with interest at one per cent per month from maturity; one for five hundred and twenty-three dollars and eighty-five cents, dated August 31, 1886, payable sixty days after date, with interest at one per cent per month from maturity, and one for four hundred and seventy-two dollars and forty-one cents, dated September 6, 1886, due in sixty days from date, with interest from maturity at one per cent per month; an open account, held and owned by appellees against Jones, Edgeworth & Sellers, for one thousand dollars, and that because of the gross negligence they ask judgment in exemplary damages in the sum of twenty-five hundred dollars, in addition to the actual damages claimed by them.    Appellees alleged that the three notes mentioned by them were deposited with the National Bank of Jefferson for collection as they matured, and with instructions to carefully guard the interests and rights of appellees; that the bank became possessed of information of the failing condition of Jones, Edgeworth & Sellers on the day of the delivery of the message to appellant's agent at Jefferson; and its cashier, W. T. Atkins, sent said telegram to appellees to apprise them so that they could take steps to secure their said debts; that Jones, Edgeworth & Sellers had, at the time of the delivery of the message to appellant's agent at Jefferson, property, real and personal, of the reasonable value of ten thousand dollars, over and above all exemptions; more than sufficient to pay appellees' debts.

Appellee s further alleged that about twelve o'clock on the night of October 27, 1886, creditors of Jones, Edgeworth & Sellers, namely, J. H. Bemiss, W. J. Sedberry and R. Ballauf & Company, and others, sued out writs of attachment amounting, with probable costs, to the sum of ten thousand dollars, which attachments were, at or about seven

o'clock on the morning of the twenty-eighth of October, 1886, levied by the sheriff of Marion county, Texas, on all the property of said firm, Jones, Edgeworth & Sellers, real and personal, in Marion county, Texas; that the personal property has been sold under said attachments at public auction, and the amount realized therefrom is insufficient to pay off the balance due upon said attachments, and that the real estate of said Jones, Edgeworth & Sellers is insufficient to pay off the balance due upon said attachment suits; and that the said property so levied on and sold was the only property owned by the said Jones, Edgeworth & Sellers; and that the seizure and sale thereof have exhausted their assets, and they are now insolvent; that if said telegram had been promptly transmitted and delivered, appellees would have instituted suit, sued out an attachment prior to the other attaching creditors, and have made their said debts out of Jones, Edgeworth & Sellers; that they made demand in writing of appellant for the damages sued for herein, within sixty days, and that no part thereof has been paid.

Appellant, answering, pleaded (1) a general demurrer; (2) a special demurrer, that the allegations in plaintiffs' petition were insufficient in law to recover exemplary damages; (3) a general denial.

The court overruled the general demurrer, to which action exceptions were taken by appellant. It sustained the special exception as to exemplary damages, and in open court all claim upon the open account was withdrawn by appellee.

A trial of said cause thereafter, on the sixteenth day of June, 1888, was had, which resulted in a judgment against the appellant for the sum of one thousand six hundred and eighty-four dollars and forty cents, with interest at eight per cent per annum from the twenty-eighth of October, 1886, and all costs of suit. Appellant's motion for new trial was overruled, and appeal perfected.

The additional facts necessary are given in the opinion.

*Stemmons & Field,* for appellants: The message upon its face was insufficient to notify appellant that the damages sued for herein would flow from its failure to transmit and deliver the message. (Daniel v. W. U. Tel. Co., 61 Texas, 456; 6 Wait's Act. and Def., p. 19.)

The court erred in refusing to instruct the jury as requested by defendant in this special charge: "That unless they find and believe from the evidence that defendant knew from the message, or from facts communicated to it at the time it accepted said message, that the object of said message was to enable plaintiffs to collect their debt from Jones, Edgeworth & Sellers, the loss of said debt can not be estimated by them in arriving at the damage done plaintiffs."

3.  Appellees having an attachment levied on property of Jones, Edgeworth & Sellers sufficient to pay their debt and the other prior attaching creditors, it was their duty not to suffer said property sacrificed at the sale thereof, and, having done so, they can not recover damages thus occasioned by their own fault.

*Chas. A. Culberson*, for appellee:  The telegram on its face indicated its importance.  (Gray, Communication by Telegraph, section 86; Tel. Co. v. Brown, 58 Texas, 170; Tel. Co. v. Edsall, 63 Texas, 668; Tel. Co. v. Hyer, 1 Southern Rep., 129; Daugherty v. Tel. Co., 75 Ala., 168; Hadley v. Tel. Co., 15 N. E. Rep., 845; Squire v. Tel. Co., 98 Mass., 232; True v. Tel. Co., 60 Me., 9; Marr v. Tel. Co., 3 S. W. Rep., Tenn., 496; Tel. Co. v. Blanchard, 68 Ga., 299; same case, 45 Am. Rep., 480; Tel. Co. v. Wenger, 55 Penn. State, 262; Tel. Co. v. Reynolds, 77 Va., 173; same case. 46 Am. Rep., 715; 3 Suth. Dam., 310–312; Daugherty v. Tel. Co., 75 Ala., 168; 1 Chitty's Plead., 665, and note F.)

Care to prevent further loss:  R. R. Co. v. Young, 60 Texas, 201; R. R. Co. v. Adams, 63 Texas, 200; Field on Damages, 21; 1 Sutherland on Damages, 148, et seq.; Gray on Tel., sec. 100; R. R. Co. v. Spicker, 61 Texas, 427; R. R. Co. v. Redeker, 67 Texas, 181; Beach on Con. Neg., sec. 157; 1 Sutherland on Damages, 150, 257.

Measure of Damages:  Rules 66, 67—47 Texas, 629; Jones v. Ford, 60 Texas, 129; Belo v. Wren, 63 Texas, 727; Gaines v. Bank, 64 Texas, 18; Patterson v. Taylor, 64 Texas, 53; Moehring v. Hall, 66 Texas, 240; R. R. Co. v. Fossett, 66 Texas, 338; Bryant v. Telegraph Co., 1 Daly, 575; Parks v. Telegraph Co., 13 Cal., 422; R. R. Co. v. Jackson, 62 Texas, 209; 1 Sutherland on Damages, 629.

WALKER, ASSOCIATE JUSTICE.  The questions involved in this appeal have received much attention from the courts of

this State, and the case may be determined by the application of principles which have been recognized from time to time,. and so often that they may be followed without question.

The first and second assignments of error put in issue the sufficiency of the message itself to give notice of its purpose and importance.

The message, "you had better come and attend to your claim at once," addressed to the plaintiffs from Jefferson, indicated with reasonable certainty to the telegraph operator the facts (1) that plaintiffs had a claim of some pecuniary nature. (2) That the claim should be attended to at Jefferson. (3) That the matter was urgent, "at once," and (4) loss would probably follow want of such attention, which might be prevented by obeying the call made in the dispatch. This was sufficient to disclose that the object was to enable plaintiffs to attend to a claim due them, and that loss might result from a failure to transmit the message with promptness.

The second assignment of error further complains at the refusal of the court to instruct the jury, at request of appellant, "that unless they find and believe from the evidence that defendant knew from the message, or from the facts communicated to it at the time it accepted said message, that the object of said message was to enable plaintiffs to collect their debt from Jones, Edgeworth & Sellers, the loss of said debt can not be estimated by them in arriving at the damage done plaintiffs."

The rule in Hadley v. Baxendale, 9 Exch., 341, adopted in Texas for the measure of damages and applied to telegraph companies in their work is, "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should be such as may be fairly and reasonably considered either arising naturally, that is, according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as to the probable result of the breach of it."

The last clause in this citation is further explained or enlarged in Baldwin v. The U. S. Telegraph Co., 45 N. Y., 750, (cited by the court in Daniels v. The W. U. Tel. Co., 61 Texas, 457.) "The damages given by way of indemnity have been the natural and necessary consequences of the breach of contract in the minds of the parties interpreting the contract in the

---

---

light of the circumstances under which it was made; and when a special purpose is intended by one party, but is not known to the other, such special purpose will not be taken into account in the assessment of damages for the breach." In other words, when applied to this case the telegraph company should not be chargable with any intent or purpose of which it is not informed either by the terms of the message or otherwise.

The charge asked was intended to limit the "special purpose" to the collection of the claim against Jones, Edgeworth & Sellers, and appellant insists that any less information would not place such claim within the contemplation of the parties when the message was delivered to the operator. The terms "special purpose" and "notice" used in the definitions above, should receive reasonable interpretation—with reference to the subject to which they are applied. So far as would be important to the telegraph company, it would be sufficient to caution it against probable loss, that it be informed that the message related to a pecuniary claim which was in danger and needing attention. It is elementary that by *notice* is included knowledge of and means of knowing the fact.

That the claim was against the particular firm was and could have been of no concern to the telegraph company. No greater or other care would have been anticipated to protect a claim against one firm than any other, in absence of any other fact. That the message was for the special purpose of enabling the plaintiff to attend to a money claim at Jefferson was a sufficiently specific designation of the importance and purpose of the message; and this was evident from its terms.

The natural consequences of failure to give at once the attention to the claim can be considered as within the contemplation of the parties.

The court probably would have been justified in charging the effect of the terms used in the dispatch. This was not done. The jury were instructed that, in order to recover, the plaintiffs must show "that defendant's agent was apprised from the language of the message that its prompt transmission was of urgent pecuniary importance to plaintiffs." Again, that the defendants "are not liable for damages (beyond the price paid for sending a message) for a failure to send and deliver in time unless they are apprised and put upon notice by the sender, of the urgency and necessity of promptness in its transmission and delivery; they must be notified by the

sender in some way of the fact that a want of promptness will result in injury to the party interested in the same."

Again, the jury were further instructed that if, among other things, "you find that defendant's agents receiving and transmitting the same had notice that it was important to plaintiffs that said message be sent thrcugh and delivered without unnecessary delay," then plaintiff would be entitled to recover.

On the other hand, the jury were instructed that "if you find that said message was not sufficient on its face to put the agent who received it for transmission on notice of its import, and that it involved probable injury if not promptly sent and delivered  *  *  *  you will find for defendant."

From these extracts from the general charge of the court, it is manifest that the jury were clearly informed of the importance to be attached to the meaning of the message and of the necessity of their finding in it evidence of its purpose and of the importance of its prompt delivery. The instruction asked by the defendant was properly refused. It exacted a minuteness of detail, unnecessary for the information of the company, of the nature and extent of the interest involved in the transaction. (61 Texas, 457, Daniel v. W. U. Tel. Co.; 63 Texas, 677, Edsall v. same; 66 Texas, 583; 58 Texas, 174; Leper's Case, 70 Texas, 689; 55 Penn. St., 267, U. S. Tel. Co. v. Wagner; 37 Iowa, 220, Manville v. W. U. Tel. Co.; 29 Md., 251, U. S. Tel. Co. v. Gildersleve; 41 Iowa, 460, Turner v. Hawkeye Tel. Co.; 34 Wis., 480, Candee v. W. U. Tel. Co.; 60 Ill., 439, Tyler, Ullman & Co. v. W. U. Tel. Co.; 21 Minn., 158, Beaupre v. Pacific & Atlantic Tel. Co.; 98 Mass., 237, Squire et al. v. W. U. Tel. Co.; 13 Cal., 422, Parks v. Alta California Tel. Co.; 77 Va., 179, W. U. Tel. Co. v. Reynolds Brothers; 75 Ala., 170–174; 1 Sedg. on Dam., 7 ed., pp. 231–239.) These cases have been examined. There is much diversity as to the rule of consequential damages. As stated above, the decisions of our own State have been adhered to, and they follow the great weight of authority, in number at least, of the courts.

The third assignment is to the refusal of the court to give the special charge asked by defendant: "If the jury find and believe from the evidence that plaintiffs had a levy of their attachment on the property of Jones, Edgeworth & Sellers sufficient in value to satisfy the same and the other attachments levied prior to plaintiffs' attachment, and suffered the prior attaching creditors to purchase said property at public

sale at less than the value of said property, they should then find for the defendant, except for the amount paid for transmission of said message and interest thereon at the rate of eight per cent per annum from date of payment."

There is no evidence to any unreasonable sacrifice of the property at the sheriff's sale; nor is it shown that the appellees themselves bought the stock of goods. Indeed there are only the isolated facts that the goods seized were estimated at twelve thousand dollars in value; that there were prior attachments upon the goods to near eight thousand dollars, and that the sheriff did not realize sufficient to pay the prior liens.

The court had charged the jury that, "if it appears that plaintiffs were in a position and condition to have made their debt out of said property and failed to do so, then for so much as they could have saved out of said property they can not recover."

It is elementary that a party claiming damages must not be in fault in contributing to them by his own want of proper care; and such care must extend to the protection from further loss after the act complained of. But this rule must be rationally applied. It is not required that everything possible must be done to prevent or limit the extent of the loss. It is not shown that the plaintiffs had the means or could have commanded them to advance the prior claims; nor is it shown to have been the reasonable duty of the plaintiffs, from the condition of their business, to have done so if they had had the means. There is nothing to show that the money realized upon the sheriff's sale was not the reasonable cash price of the stock sold, notwithstanding the estimated larger value. A party is not required to invest further in order to secure himself against the consequences of a breach of contract by which he suffers injury. (64 Ill., 142, I. C. R. R. Co. v. Cobb, Christy & Co.)

The fourth assignment is not well taken in view of the instruction already given "that before plaintiffs can recover for such damage it must appear from the evidence that had the message been promptly transmitted and delivered, plaintiffs could and would have secured and collected the debt they claim to have lost or a part thereof."

As to the sufficiency of the testimony, there is no issue made as to the existence of a cause for attachment against the

debtors.   This conceded the issue was as to the effect of the
delay upon the ability of the plaintiffs to avail themselves of
the means present of making their debt.   The testimony de-
velops that in reasonable probability they could have made the
debt in attachment proceedings, or by the purchase of the stock
of the debtors.   The activity shown to have been exerted—the
means of travel between the places and the preference obtained
by others through the delay were passed upon by the jury,
and they were required to find from all the testimony that but
for the delay in transmission of the message the debt would
not have been lost.   It can not be said that the jury found
their verdict without evidence.

The verdict was: "We, the jury, find for the plaintiff the
sum of one thousand six hundred and eighty-four dollars and
forty cents, with interest at eight per cent per annum from
October 28, 1886."   This sum was evidently obtained by ad-
ding the interest (which was twelve per cent) upon one of
the notes, which was over due, to the aggregate of the notes
and the cost of the message.   The form of the verdict is of
little importance in finding eight per cent per annum interest
from the date of the note for which recovery was had.   The
measure of damages in like cases is the amount of loss with
such interest added.   It will not vitiate the verdict that the
interest was not computed and the amount named as the
damages.

It is held (1) the message, "You had better come and at-
tend to your claim at once" imparted notice of its purpose and
of the importance of its prompt delivery; so as to bring such
matters into the contemplation of the parties in the contract for
the transmission of the message.   (2.)   That the duty of care-
fulness would not have been more fully indicated to the tele-
graph company by the insertion therein of the name of the
debtors in the absence of testimony showing otherwise.   (3.)
The law does not impose upon a creditor the duty of fur-
ther investment of his money to secure himself against loss
for the breach of a contract by which such loss is caused; it
is not therefore an act of negligence that the appellees did not
buy it at the sheriff's sale or discharge the prior liens although
the estimated or real value of the property was in excess of
the prior liens sufficient to have paid their notes in absence of
testimony to their condition as to their means to do so, and tes-
timony showing it their duty under the circumstances as ordi-

narily careful and prudent men to do so. (4.) The measure of damages upon the facts found by the jury is the value of the notes to which is added the cost of the message, if such be the extent of loss shown, with eight per cent interest to the day of the trial.

Finding no error in the record the judgment below is affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.