G., C. & S. F. R'y Co. v. A. KUENHLE ET AL.

(No. 6943.)

APPEAL from Tom Green County. Opinion by DAVIDSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ 249. *Carriers; right of to eject passenger for failure to comply with conditions of excursion ticket; authority of conductor to waive such conditions; right to eject must be used in a proper manner.* Joined by her husband,

appellee brought suit against appellant for damages on account of being ejected from the car of the appellant by the conductor of the train upon which she was then being transported.  Appellee was riding upon said train by virtue of an excursion ticket sold to her by the appellant's agent at San Angelo, which ticket authorized her to ride upon the trains of the appellant from San Angelo to Dallas and return.  She was on her return trip from Dallas when ejected by the conductor.  She alleges that at the village of Blum, about one hundred miles out from Dallas, the "defendant did, without any lawful cause, with great force and violence, eject her from their said cars, and then and there decline and refuse to further carry and transport her on said road. That she insisted that she should not be ejected from said cars, but that she had the right to ride to her destination, and she entreated and begged the conductor of defendant's car not to put her off; yet, notwithstanding her entreaties, and in the presence of many passengers and people, she was ejected as aforesaid."  She was traveling alone, without the protection of her husband or any male friend or relative, and did not know what to do. She suffered great mental injury and mortification by reason of being expelled from said cars before all the passengers and persons there assembled.  She further alleged that Blum was a small village, with no suitable accommodations for lady travelers, and that she caught cold by being put off there, was seized of rheumatism on account thereof, and caused her a miscarriage.  To this the appellant replied that the appellee was riding upon a ticket in which she was required to identify herself at the Dallas office of the railway; and to sign her ticket, and have it signed also by the agent at that point; and both signatures were to be written in ink; and also she was to have the said agent put his stamp upon it before she could utilize it on her return trip, and this she had failed to do.  There was also another clause or reserva-

tion on said ticket to the effect that the holder would agree that no officer of the appellant could waive the requirements above stated. In this connection it may be stated that the appellee failed to sign the ticket in the presence of the agent at Dallas, or to have his signature and stamp placed thereon. She says she forgot it. Immediately upon leaving Dallas the conductor informed her that her ticket would not be good because of her failure to be identified as its terms required, but he further informed her that if she would sign it then that he would sign it also, and that such signature and identification would be sufficient. This was done, and he passed her to Cleburne, which point was the terminus of his route. At that point a new conductor took charge of the train, and he refused to recognize the act of the former conducter, and expelled appellee from the train. The court charged the jury, in substance, that the ticket in evidence was the contract between the parties, and that appellee, in order to be entitled to ride upon the appellant's cars, must have complied with the stipulations contained therein; otherwise, on this phase of the case, she could not recover. He further charged the jury that the conductor on the train from Cleburne west, towards and to San Angelo, was not bound by the act or acts of the conductor on the train on the division of said railroad company's line between Dallas and Cleburne. Appellant asked additional instructions submitting the same matter to the jury, which were refused by the court, and this refusal is assigned as error.

If it be admitted that the special charge requested embodied the law, then the court did not err in refusing to give same to the jury because the matters therein charged upon had already been submitted to the jury. It is not error to refuse a requested instruction when it has already been given. [Sayles' Civil St., art. 1319, and note 3.] As the court charged that the conductor who signed the ticket and identified the ticket-holder could not

waive the stipulations and conditions of said ticket, appellant has no reason to complain on this line.   Had the court failed to so charge, a very serious question would have 'been raised indeed,— that is, could the conductor, by the act of identifying the ticket-holder and passing her over a portion of appellant's road, waive the condition in said ticket requiring the said holder to be identified at the named point and by the designated agent, and thus entitle the holder to be conveyed the entire distance? As it is not necessary to pass on this question, because the jury was charged that the road was not bound by the conductor's act, it will be dismissed here with the remark, intended alone to apply to the writer, that it is the belief of the writer that such act of the conductor was binding upon the company, and was a waiver of the right of the company to have the ticket-holder identified at Dallas. Identification of the original holder and owner of the ticket to prevent a transfer thereof to another party for use is the object of having the party identified, and when this has been done it is sufficient if done by any agent or employee of the company authorized to issue or take up tickets.   It is the opinion of the writer that the court erred in favor of the appellant in giving the charge given on this phase of the case.   [Taylor v. Railway Co. (N. C.), 5 S. E. Rep. 750.]   The authorities agree that the condition is a good one and can be enforced; but, like other conditions precedent, it can be waived.   The error, if error at all, was committed favorably to appellant.   The court charged the jury that if they believed from the evidence "that the conductor used unnecessary force or violence, or in any manner ill-treated plaintiff, at or about the time of plaintiff's ejectment at Blum from said railway company's passenger-coach, then you will find for plaintiff " such damages as they thought proper, not to exceed the amount claimed; and if they did not so believe, they would find for the company.   These charges submitted the real issue of the case, and the issue

relied upon for damages.  The charge submitted the law applicable to the facts.  That a conductor may eject a passenger under proper circumstances is well settled, even when the passenger has paid the requisite fare; but he must do this in a proper manner, else his employer is responsible in damages.  Mr. Wood, in his work on Railway Law, says that "the conductor and servants of a railway company have a right to use all the force necessary to remove a passenger from the train who has forfeited his right to remain there,—no more."  [3 Wood, R'y Law, § 363.]  ""And in estimating the damages the jury may take into consideration the plaintiff's condition in life, his reputation in the community, and any circumstances attending the act complained of." [Id., § 364.]  "While a passenger may be expelled for the non-payment of fare, yet it must be done in a decent manner.  If the expulsion is made with undue force, or under circumstances which show brutality, it cannot be justified."  [Hicks v. Railroad Co., 68 Mo. 329.]  "The carrier can use no more force than may be necessary; and if he resort to unnecessary violence it will be no defense that the passenger had offended against his rule, and had thereby subjected himself to the carrier's right to expel him; and not only the unnecessary force, but any circumstances of insult or indignity in the manner of his expulsion, may be shown in an action by the passenger."  [See Hutch. Carr., § 591, and note 2, for collated authorities.  See, also, Id., § 545.]  The circumstances attending the expulsion, whether proper or improper, is a question of fact for the jury.  [Id., §§ 594–598; 3 Willson, Con. Rep. C. C, § 4.]  The appellee testified that "in putting me off the train at Blum the conductor talked loud and ungentlemanly.  He acted every way but manly.  The car was crowded with people.  Everybody in the car could hear what the conductor said.  The day I was put off the train at Blum was cold and drizzly."  The conductor testified that he

did not touch the appellee. He further said: "I treated her as polite and courteous as anybody could. I did not use any harsh words or violence towards her." On this state of case the above-quoted charge of the court was given the jury. The conduct of the conductor and the treatment of the appellee by him was a question of fact for the jury, and it has been settled by them against the appellant. It was a conflict of evidence, and this court cannot say the jury should believe the appellant's testimony in preference to that of the appellee.

May 6, 1891.                                    Affirmed.