### W. F. MITCHELL v. THE WESTERN UNION TELEGRAPH COMPANY.

#### No. 462.

**1. Cause of Action — Failure to Deliver Telegram.—** Suit for damages for failure to deliver the following message to the plaintiff: "Water is getting low; come out;" signed by agent of the plaintiff at Marfa. and directed to him at San Marcos, Texas. It was alleged that plaintiff had a large stock of cattle on his ranch near Marfa, in charge of the agent who sent the dispatch; that water was giving out, and the presence of plaintiff was necessary at the ranch to make arrangements for obtaining stock water; that from the delay in the delivery plaintiff was delayed three days in reaching the ranch; that the urgency of the dispatch and the facts causing it were made known to the telegraph operator when the dispatch was sent. Damages for want of water alleged. *Held*, that the petition showed a cause of action.

**2. Pleading.—**The simple allegation of the facts giving right of action is sufficient, without detailing the circumstances, which merely conduce to prove the truth of the allegations.

**3. Notice—Purpose of Telegram.—**A sufficient notice of the main purpose of a telegram will put the telegraph company upon inquiry as to other facts.

**4. Contributory Negligence.—**It was not necessary for plaintiff to show facts in excuse of want of water at his ranch, no negligence appearing in the statement of his case. In such case, contributory negligence would be matter of defense.

**5. Issue of Fact.—**The petition alleged injury to the stock upon plaintiff's ranch from want of water, caused by three days delay of plaintiff reaching the ranch caused by the nondelivery of the dispatch. Whether the injury was caused by the delay is matter of proof; the court can not hold such loss to be impossible.

APPEAL from Hays. Tried below before Hon. H. TEICHMUELLER.

*O. T. Brown*, for appellant.—1. The petition, both before and after the trial amendment, sufficiently showed a cause of action at law against defendant, and whereof said court had jurisdiction. Williams v. Warnell, 28 Texas, 610; Tel. Co. v. Sheffield, 71 Texas, 570; Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Jones, 16 S. W. Rep., 1006; 2 Redf. Law of Rys., 335; Bryant v. Tel. Co., 1 Daly, 575.

2. The petition was sufficient in law, because it clearly, directly, and positively alleged the issuable facts, and it was not necessary for it to allege the reasons or causes of the facts. The existence of the facts was clearly alleged. Thompson v. Munger, 15 Texas, 523; Caldwell v. Haley, 3 Texas, 319; Hollingsworth v. Holshousen, 17 Texas, 41; Wells v. Fairbanks, 5 Texas, 572; Van Alstyne v. Bertrand, 15 Texas, 177; Oliver v. Chapmann, 15 Texas, 400; Railway v. Shaffer, 54 Texas, 641; McCanley v. Long & Co., 61 Texas, 79; Steph. Plead., 9 Am. ed., 342, 371; Story Eq. Plead., sec. 252; 3 Suth. on Dam., 427, 428; 2 Thomp. on Neg., 1250, sec. 32.

*John A. & N. O. Green* and *Denman & Franklin,* for appellee.—1. Neither the telegram sent nor the information said to have been given at the time of the sending of the telegram, apprised the defendant of the consequences which would ordinarily or naturally flow from the failure of a delivery of the telegram to the plaintiff.

2. The suit being for special damages, the plaintiff should have alleged how and where he could have obtained a supply of water, especially as he had negatived the fact that his son, agent, or any one else but himself, was able to secure water. Wood's Mayne on Dam., sec. 752; 1 Suth. on Dam., 763, 764.

COLLARD, Associate Justice.—Suit by the appellant, W. F. Mitchell, against the appellee, to recover damages for failure to deliver the following message:

"MARFA, TEXAS, March 24, 1890.

"*To W. F. Mitchell, San Marcos:*

" Water is getting low; come out.

[Signed]        "F. A. MITCHELL."

The court below sustained a general demurrer and special exceptions to the amended petition, and to a trial amendment filed by plaintiff, which reduced the right of recovery to nominal damages, of which the court had no jurisdiction; and plaintiff declining to further amend, the court rendered judgment for defendant; from which plaintiff has appealed.

The petitions substantially alleged the following facts: Plaintiff lived in San Marcos, Hays County, Texas, and owned a cattle ranch in Presidio County, Texas, a few miles from the town of Marfa, on which ranch he had and owned about 10,000 head of cattle, the ranch and cattle being in charge of his agent, F. A. Mitchell. The cattle required a large supply of water, and it was sufficient on the ranch for their sustenance up to the 23rd of March, 1890, when it was suddenly reduced and became insufficient, so that the cattle were on the 24th day of March in danger of perishing for water, unless speedily relieved. Mitchell, the agent, was

not, in the absence of plaintiff, who was at his home in San Marcos, able to procure the needed supply of water for the cattle. In the absence of plaintiff from the ranch, Mitchell, the agent, could not, nor could any one else, make the necessary arrangements to supply the water, because special negotiations on behalf of plaintiff with third parties were necessary to effect such arrangements. Such arrangements were practicable, and could have been sucessfully negotiated with third parties by plaintiff, in time to have prevented the alleged damage to the cattle. The presence of plaintiff at the ranch was necessary to effect such arrangements. Accordingly, on the 24th of March, 1890, at 8:35 a. m., plaintiff's agent delivered to defendant, at its office in Marfa, the message before set out, which was received by defendant and agreed to be transmitted to San Marcos and immediately delivered to plaintiff with reasonable diligence, he paying the toll, 50 cents; defendant owning and operating a continuous line for telegraphic communication between the two points.

The petition here alleges: " That when said message in writing was so delivered to and accepted by defendant, to-wit, at the said time and place and in the manner aforesaid, defendant was then and there at the same time notified of and informed of the aforesaid dangerous situation of said cattle; that they were upon said ranch; that the supply of water had become insufficient for them; that they were in present danger of starving for water; of the urgent necessity for the personal presence of plaintiff at said ranch, in order that he might provide water for them. And that said message in writing was intended to summon him to come at once from said town of San Marcos to said ranch, with all possible speed, in order that he might make arrangements necessary to obtain the needed water."

The petition further shows, that the plaintiff was at his home in San Marcos, as was well known to defendant at the time, and that defendant negligently failed to deliver the message to him. That if it had been delivered to him within a reasonable time he could and would have gone thereupon forthwith to his ranch, and could and would have provided water for his cattle in time to have prevented the injuries to them complained of; that plaintiff was ignorant of the dangerous condition of the cattle, and remained absent from the ranch three days longer than he would have done if the message had been delivered with reasonable diligence; that if it had been so delivered, he would have arrived at his ranch three days earlier than he actually did, and could and would have provided water for his cattle, and thus have prevented the injury complained of, his actual arrival there being too late to prevent such injuries to the cattle. That during the three days prior to his arrival at the ranch, the cattle were without sufficient water, and suffered for want of water, whereby 1100 of the cows of plaintiff lost their calves and were damaged to the amount of $5500; from the same cause 550 of his cattle died, of

the value of $6000, and the remainder were injured in value to the amount of $15,500; all aggregating $27,000.50. "Wherefore," it is alleged, "that by reason of the premises herein before set out in this petition, and in and through and by the gross negligence of defendant aforesaid in regard to said message in writing, and the said injuries to the said property caused thereby, he (plaintiff) was and is actually damaged in the aggregate sum of $27,000.50, for which he brings this suit." Prayer for such amount.

*Opinion.*—The questions for us are, should the general demurrer and the special exceptions to the petition have been sustained?

The special exceptions are, that it appears from the petition that if plaintiff has any right to recover, it is only for nominal damages, of which the court has no jurisdiction; that the damages are too remote; that there is no allegation of the reasons or causes why plaintiff alone could get water for his cattle; that it is not alleged that defendant was notified, when the message was delivered to it, that plaintiff alone could get water for his cattle, nor how, when, where, or in what manner he could have arranged to get the water, what arrangements could have been made to secure the supply, or with whom such arrangements could have been made; that it does not show any excuse why plaintiff did not make arrangements to provide water for his cattle before leaving his ranch; nor is the cause of the shortage of water shown, nor why his agent did not make such arrangements, nor that notice of his inability was given to defendant; and that the petition shows affirmatively that plaintiff's own negligence contributed to the injury complained of.

A good cause of action is stated in the petition, and if its averments are proved, plaintiff will be entitled to recover more than mere nominal damages. Williams v. Warnell, 28 Texas, 610; Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Linn, decided at the present term of this court; Tel. Co. v. Sheffield, 71 Texas, 574; Tel. Co. v. Bowen, 84 Texas, 477; Tel. Co. v. Adams, 75 Texas, 533; Holman v. Criswell, 13 Texas, 42; Gray v. Osborne, 24 Texas, 157.

The factors of loss are sufficiently stated in the petition.

The particulars called for by the special exceptions were more in the nature of the evidence to support the facts alleged than the facts themselves. The material, substantive, issuable facts must be alleged, but it is not necessary to allege the evidence by which, nor the names of the witnesses by whom, they are to be proved.

"The simple allegation of the fact is sufficient, without detailing a variety of minute circumstances which merely conduce to prove the truth of it." Wells v. Fairbank, 5 Texas, 584; Oliver v. Chapman, 15 Texas, 403; Van Alstyne v. Bertrand, 15 Texas, 179; Railway v. Shafer, 54

Texas, 641, 646; McCauley v. Long & Co., 61 Texas, 79; Rowland v. Murphy, 66 Texas, 536; Russell v. Nall, 79 Texas, 664.

We do not think it necessary that plaintiff should have set out in his petition, further than was done, the facts showing why he alone and not his agent could procure the necessary supply of water, nor to state how or in what manner, or from what particular persons, he could have obtained it; nor to state more definitely the reasons why the agent could not negotiate with such third persons for the same. The essential facts were alleged; the rest was matter of proof.

The petition is sufficient in the averment of notice to defendant of the danger the cattle were in, of the importance of plaintiff's presence to prevent the injury, and of the urgency and importance of the message. The object of the message was explained to the operator—the danger to the cattle and the cause; that it was intended to summon plaintiff immediately to the ranch that he might relieve the distress of the cattle. It was not necessary that all the incidents should be known to defendant in order to create liability for its negligence.

"You had better come and attend to your claim at once" was deemed sufficient in a message to inform defendant of the urgency of plaintiff's presence to attend to a debt due him, and of the loss that might result to him upon failure to deliver the message promptly. Tel. Co. v. Sheffield, 71 Texas, 574.

A sufficient notice of the main purpose will put defendant upon inquiry of other facts. Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Bowen, 84 Texas, 477; Potts v. Tel. Co., 82 Texas, 545; Tel. Co. v. Moore, 76 Texas, 68; Tel. Co. v. Adams, 75 Texas, 533.

It was not necessary that the petition should show any excuse for not having sufficient water for the cattle, or in not empowering the agent to negotiate for it. Plaintiff would not be required to set up facts relieving himself of contributory negligence unless the averments of the petition charged him with such negligence. If he were guilty of contributory negligence not apparent from the petition, it would be matter of defense. The petition does not so charge him. Porter v. Burkett, 65 Texas, 383; Railway v. Watson, 72 Texas, 634; Murray v. Railway, 73 Texas, 3–6, and cases cited.

We can not say that the allegations of the petition are too indefinite, or that more than nominal damages are too remote. Martin v. Tel. Co., 1 Texas Civ. App., 143; authorities above cited; and Gray on Com. by Tel., sec. 84.

The three days prolonged absence of plaintiff from his ranch is shown by the petition to be the cause of the injury to the cattle, and for this absence defendant is alleged to be responsible by failure to deliver the message, notifying him of their danger and calling him to their relief.

The material facts are alleged with sufficient definiteness to warrant the proof of them if it can be made.

Whether the three days absence of plaintiff can be shown by proof to be the cause of the injury; whether defendant was negligent, and its negligent failure to deliver the message was in fact the cause of his absence; whether the injury would or would not have occurred in case he had been present during the three days; whether he would have gone to or could have reached the ranch earlier than he did if the message had been promptly delivered to him; and whether he could have prevented the injury in the three days' time, as he alleges, are all questions for the jury, upon the facts as they may be developed on the trial.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 13, 1893.