## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CHATHAM.†

(Court of Civil Appeals of Texas. March 15, 1911. Rehearing Denied April 12, 1911.)

CARRIERS (§ 94*)—FREIGHT—WRONGFUL DELIVERY—ACTION—MEASURE OF DAMAGES—SPECIAL DAMAGES.

Where the carrier had notice when it received a shipment of cotton that the shipper

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

had then sold it, it was liable in damages for delivery to the consignee of other and inferior cotton for the difference between the value of the cotton delivered to it and that delivered to the consignee, and that the carrier did not know of the exact terms of the sale was immaterial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 389; Dec. Dig. § 94.*]

Appeal from District Court, Coryell County; John D. Robinson, Judge.

Action by A. B. Chatham against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Scott, Sanford & Ross, for appellant. S. P. Sadler, for appellee.

RICE, J. Appellee, who was a cotton buyer at Gatesville, brought this action against appellant to recover special damages sustained by him on account of its failure to deliver certain cotton shipped by him over appellant's railway to Inman, Nelms & Co., commission merchants at Houston, alleging that during the fall and winter of 1906 and 1907 he shipped 31 lots of cotton from Gatesville over said railway to said commission company, which had contracted to pay him therefor in accordance with the grade and weight per bale; but that appellant, after receiving said cotton, failed to deliver the identical cotton so shipped by him, but instead thereof delivered the same number of bales of other and different cotton of inferior grade and of less weight per bale than the cotton so shipped, alleging the price that he was to receive for the cotton shipped and the price actually received for the inferior cotton received by said company; and further alleging that appellant had notice of plaintiff's contract with said commission company at and before the time said cotton was received for shipment, whereby he claimed to have been damaged in the sum of $6,018.04, the profit he would have made upon said cotton if the same had been delivered in accordance with contract.

Appellant answered by general demurrer and general denial, and specially that, if any substitution occurred of said cotton, which it denied, the same was made while in the hands of the Exporters' & Traders' Compress & Warehouse Company, during the time said compress company had possession thereof for compression, as provided in the bill of lading, and that said company was the agent of plaintiff under the contract of carriage. The compress company was made party to the suit, but was dismissed therefrom on its plea of privilege to be sued in McLennan county.

Upon trial before the court without a jury, judgment was rendered for plaintiff in the amount sued for, from which this appeal is prosecuted.

There is no statement of facts in the rec-ord, but the court filed its conclusions of fact and law, which are made the subject of complaint on the part of appellant. The conclusions of fact sustain the allegations of plaintiff's petition, and the court found, as matter of law, that appellant had notice that the cotton was sold when received by it for shipment, and that plaintiff's measure of damages was the difference between the value of the cotton delivered by plaintiff to it and the value of that delivered to the commission company by appellant under the contract. This conclusion of law is assigned as error; appellant asserting that knowledge on its part that the cotton had been sold when received for shipment was not sufficient to impute knowledge to it of the special terms and conditions of the contract of sale, such as would warrant recovery by plaintiff of special damages arising from the failure to carry out its contract. The remaining assignments urge that it was error on the part of the court to permit plaintiff to testify over its objection as to the terms of his contract with the commission company; and since these assignments raise practically the same question they will be discussed together.

In this case it was pleaded, and the court found as a fact, that appellant had knowledge that the cotton had been sold at the time it was received for shipment. This being true, it seems, under the authorities, that it would be liable for whatever special damage plaintiff might suffer on account of its failure to deliver to the consignee the identical cotton shipped. Profits as special damages are not recoverable in the absence of allegation and proof on the part of the shipper, showing that the carrier had knowledge of the facts upon which such recovery is based. It is said in Elliott on Railways, § 1731, that: "It is well settled that special or peculiar damages claimed to have resulted from a carrier's delay cannot be recovered, unless the carrier has notice, before or at the time of accepting the goods, of the special circumstances rendering prompt transportation necessary, or at least, ought to know of the same."

After discussing the general rule on the subject of damages, Mr. Hutchison on Carriers, vol. 3, § 1367, says: "But there may be circumstances under which the application of this rule would be inequitable. There may be, and frequently are, cases in which, for special reasons, the shipper may desire that the transportation of his goods shall be hastened; and if, with a knowledge of these circumstances, a carrier should unreasonably delay the carriage; or if, after having expressly contracted to carry them within a given time or for a given purpose, he should negligently delay them beyond that time, or so as to defeat that purpose—the difference in the value of the goods at the time of their

actual arrival, and at the time when they should have been delivered, may prove a very inadequate recompense to their owner. As where the owner of goods had made an advantageous sale of them, provided they were delivered within a certain time, and the carrier, being informed of this fact, undertook to carry and deliver them within the time, but through negligence failed to do so, whereby the plaintiff lost the advantage of his bargain, it was held that the carrier was liable for whatever the owner had lost by the failure to deliver in time, and that this would be the difference between the contract price and the market value of the goods when delivered—" citing, among other cases, in support of the doctrine, Gulf, Colorado & Santa Fé Railway Co. v. Hodge, 39 S. W. 986, in which Hodge had a contract to deliver to parties at Laredo a large quantity of corn at a certain price, and had contracted with appellant to furnish 150 cars for its shipment, which contract was breached on the part of appellant, it having knowledge at the time that it agreed to furnish the cars of plaintiff's contract; and it was held liable for the profit that plaintiff would have made but for such breach. See, also, Gulf, Colorado & Santa Fé Ry. Co. v. Cole (App.) 16 S. W. 177. Also Crutcher v. Choctaw, O. & G. R. Co., 74 Ark. 358, 85 S. W. 770, where it is said: "It is settled by the decisions that ordinarily, the measure of damages recoverable against a common carrier, resulting from delay in transportation of property, is the difference between the value at the time and place the delivery should have been made, and the value when delivery was in fact made, with interest, after deducting freight charges. But if there be special circumstances, known to both parties to the contract of shipment, surrounding the intended use of the property which would augment the damages resulting from delay, and which both parties reasonably contemplated from a knowledge of those circumstances, the carrier will be liable therefor," citing many cases. See, also, H. E. & W. T. Ry. Co. v. Campbell, 91 Tex. 560, 45 S. W. 2, 43 L. R. A. 225; Railway Co. v. Shivel & Stewart, 114 S. W. 196. See, also, Gulf, Colorado & Santa Fé Ry. Co. v. Martin, 28 S. W. 576; Western U. Tel. Co. v. Sheffield, 71 Tex. 575, 10 S. W. 752, 10 Am. St. Rep. 790; Same v. Turner, 94 Tex. 309, 60 S. W. 432; Mitchell v. Western Union Tel. Co., 5 Tex. Civ. App. 527, 24 S. W. 550; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Tex. 109, 17 S. W. 834.

Here it seems that the rule above announced was fully complied with. Plaintiff set forth fully and in detail his contract with the commission company, the weight and grade of cotton, and the price that he was to receive therefor from them under his contract, and alleged that appellant had notice of his contract with said company at the time it received the cotton for shipment. The court found, in accordance with the pleadings, that appellant had notice of said contract of sale on the part of plaintiff to Inman, Nelms & Co. previous to said shipment. There was no finding, however, that it had notice of the terms of such sale, and this, appellant insists, must be shown before it can be held liable for· special damages on account of its breach of contract of shipment. This we do not regard essential. Appellant knew that plaintiff had sold the cotton. It was under obligation to deliver the identical cotton received, and must have known that by its failure so to do plaintiff would suffer, not merely the loss that the ordinary shipper, in the absence of à contract, would suffer, but also the loss resulting from the delivery of the inferior cotton to his vendee. If appellant desired more specific information at the time of the shipment, it could have obtained it from the plaintiff.

Believing that the notice was sufficient to charge appellant with special damages arising from its failure to carry out its contract with appellee in this case, the judgment of the court below is in all things affirmed.

Affirmed.