JONATHAN MILES V. A. SHERWOOD ET AL.

No. 7214.

1. **Immaterial Testimony—Common Source.**—In an action involving a conflict between two surveys which had been owned by the same man, there being no contest as to title, it was irrelevant that the plaintiff's deed from the common source was elder than the title of defendants from same source.

2. **Survey—Calls.**—Where a survey fronts upon a river with the upper and lower corners known, and it appears that the side and back lines of the survey had never been run, it is not error for the court trying the case to reverse the calls in the field notes. In this case, by reversing the calls conflict was avoided.

APPEAL from Tom Green. Tried below before Hon. J. W. TIMMINS. No statement is necessary.

*Scott & Jenkins,* for appellant.—1. The court erred in not permitting plaintiff to give in evidence deeds and muniments of titles in himself to survey number 322, and to defendants to survey number 324, from G. H. Sherwood, the common source, for the purpose of showing the elder title in plaintiff to the land in controversy; for where there is a conflict between two grants from a common source, the elder is the superior title.

2. When a survey is made by protracting the lines from established corners on a river front, and not actually measured, nor natural nor artificial marks called for at back corners, the survey should be run from the beginning corner, course and distance changed only as will be necessary to run to last corner on river; and it is not permissible to reverse the calls running from said last corner, where the same would lead to a different result. Ayers v. Lancaster, 64 Texas, 312; Bufford v. Gray, 51 Texas, 331, 332, 335, 336; Booth v. Strippleman, 26 Texas, 441; Ayers v. Watson, 113 U. S., 594; 27 Am. Dec., 228, 229; Safret v. Hartman, 27 Am. Dec., 229, and note; Heaton v. Hodges, 30 Am. Dec., 732; Newsom v. Prior, Lessee, 7 Wheat., 8; 2 Am. and Eng. Encyc. of Law, 498.

No brief for appellees reached the Reporter.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellant, Jonathan Miles, brought this action of trespass to try title to the land described

in the petition, against A. Sherwood and others, in the District Court of Tom Green County. The only question involved is one of boundary.

The following sketch, which was in evidence, will show the location of the land in controversy, and its situation with reference to surrounding surveys:

The cause was tried by the court without a jury, and the court found for defendants, and that there was no conflict as claimed by plaintiff.

The plaintiff (appellant), it was admitted, owned survey number 322, and the defendants number 324. The field notes of the surveys, delineated on the foregoing sketch, were introduced in evidence. It was also admitted that surveys numbers 187 and 188 were on the opposite side of the North Concho River from surveys numbers 321, 322, 323, and 324; and that all of said surveys were made about the same time, by the same surveyor. That of 324 bearing date April 10, 1853, and the others April 11, 1853.

It was also further admitted that the questions at issue were: "1. Is there a conflict between surveys 322 and 324? 2. If there is, does the same belong to plaintiff, or defendants? The land delineated on the accompanying sketch, as inclosed between the letters A, B, c, and d, is the land in controversy.

W. G. Taylor, a witness, testified, that the foregoing sketch was correct; that he was a practical surveyor; had surveyed the tracts before mentioned. Found the upper and lower corners of surveys 322 and 323 and 324 on the ground as called for. These are the river corners. There are no marked lines on back corners. The upper corner of 323, and lower corner of 322, is the same; and the upper corner of 324, and lower corner of 323, is a common corner. The river corners of the surveys numbers 187 and 188, he located by the bearing trees called for in the field notes and found on the ground. The lines and back corners of these surveys are not marked on the ground. He testified, that to begin at the upper corner of survey 322, and run the course and distance called for, it would include the land in litigation, but the lower line of that survey would be about 1000 varas longer than called for in the field notes. If the lower corner of this survey was taken as the starting point, and the course and distance run out, it would not include the land sued for, as the east back line of 322 would constitute the west line of 324. The lower line of 322 and upper line of 323 is a common line. If the line be run from the lower corner of 322, as above indicated, the upper line of 322 will be about 1000 varas shorter than called for in the field notes. By running it out from the upper corner it will contain 400 acres instead of 320 acres. If the lower corner is taken as the beginning corner, and the line is run as stated by course and distance, as called for, there will be 280 acres in the survey. There was evidence to the effect that these surveys were made by establishing the river corners, and the back lines were projected therefrom, and the back lines were not run.

The first assignment is, that "The court erred in not permitting plaintiff to give in evidence deeds and muniments of title in himself to survey 322, and to defendants to survey 324, from G. H. Sherwood,

the common source, for the purpose of showing the elder title in plaintiff to the land in suit."

There was no issue between the parties as to the title to the respective surveys. It was agreed on the trial that the plaintiff owned number 322, and the defendants owned number 324. The controversy was, whether as originally surveyed there was a conflict as between these surveys. This question could not have been controlled, or in any degree affected, by the fact that the owner of both surveys conveyed survey number 322 to plaintiff anterior to the conveyance by him of 324 to the defendants.

It is claimed that the court erred in finding that there was no conflict between these surveys. Appellant's proposition under this assignment is, that "Where a survey is made by protracting the lines from established corners on a river front, and not actually measured, and no natural or artificial marks are called for at back corners, the survey should be run from the beginning corner, course and distance only changed so as to run to the last corner on the river; and it is not permissible to reverse the calls, running from said last corner, where it would lead to a different result."

In Ayers v. Harris, 64 Texas, 301, it was held, that where the upper and lower corners of a survey were established on the river, and were identified, it was improper to instruct the jury, if the disputed lines could not be fixed with reasonable certainty they could take the river as a base, and extend the eastern and western lines from the established corners on the river, and so locate the north or back line, connecting the extremities of the eastern and western lines, that the survey would contain the area of land called for in the grant. So, too, it was held in Ayers v. Lancaster, Id., 310, that where the true locality of the north or back line of a survey fronting on a river was the matter to be ascertained, and it was not shown that the east line had been actually run, and the river corners were established, it was error to instruct the jury, that the true northeast corner, if it could not be found by the trees called for, might be established by reversing the course on the east line, etc. (See Watson v. Ayers, 113 U. S., 594.) This instruction, among other objections to it, it was found disregarded a marked east line extending beyond the corner which it would have established, besides other measurements and marked lines.

There is nothing in the facts of this case making the rules above indicated applicable. No marked line, or object of any character, is disregarded by reversing the calls in this suit. Nor will the quantity of land which survey 322 should contain be included within it, as was the fact in the case first cited. By beginning survey 322 at the lower identified corner, instead of the upper beginning corner, there will be forty acres less in the survey than there should be. The discrepancy, however, will be greater, upon the appellant's theory, as it would con-

tain eighty acres more than was intended to be granted if the upper corner is made the starting point, and in addition the lower line of 322 will be about 1000 varas longer than called for.

No conflict ensues if the lower river corner of 322 is made the beginning point and the course and distance is run; but the upper line, which was not run but projected, will be 1000 varas shorter, and the east line of the survey 322 will fall on the west line of 324. In addition to this the facts show that number 324 is the elder survey.

In ascertaining lost lines or corners of surveys, or in defining on the ground such as were never made in fact by the survey, no rule is better recognized than that "the beginning corner in the plot or certificate of the survey is of no higher dignity or importance than any other corner. And that reversing the courses is as lawful and persuasive as following the order of the certificate," etc. The judgment of the court rests upon this rule of law, and there is abundant evidence to sustain the finding of the court that there is no conflict, and we think the judgment ought to be affirmed.

*Affirmed.*

Adopted May 3, 1892.