Western Union Telegraph Company v. W. L. Pearce.

No. 1113.   Decided June 9, 1902.

1.—Telegram—Care of Another—Delivery.

The duty of a telegraph company transmitting a message addressed to the one for whom it was intended, but in care of another, was to deliver to the latter for the benefit of the former, and it is not relieved from this duty by having and complying with an agreement with the one to whose care it was addressed, and who lived beyond free delivery limits, that it need not send out messages to him, but could notify him by telephone.   (Pp. 581, 582.)

2.—Same—Conflicting Decisions.

The conflict between the ruling of the Court of Civil Appeals in this case and that of the court of the Second District in Thompson v. Telegraph Company is resolved, on certificate of the conflict, in favor of the latter decision. (Pp. 581, 582.)

Question certified, on conflict of decisions, from the Court of Civil Appeals for the Third District, in an appeal from Falls County.

*Geo. H. Fearons* and *Clark & Bollinger,* for appellant.—Appellant under the law was only required to exercise ordinary care to effect a delivery of the message in controversy, in accordance with its usual and reasonable rules and regulations, and the charge of the court substantially required of appellant to make actual, prompt delivery of said telegram either to appellee or to the said C. T. Hunter, and was more onerous upon appellant than required by law, and such charge in connection with the further instruction that the jury should disregard the efforts of appellant in telephoning the said C. T. Hunter, in considering the diligence of appellant, constitutes an error, for which this cause should be reversed.   Hargrave v. Telegraph Co., 60 S. W. Rep., 687; Telegraph Co. v. Burgess, 43 S. W. Rep., 1033; Telegraph Co. v. Cooper, 71 Texas, 507; Telegraph Co. v. Hays, 63 S. W. Rep., 172; Thompson v. Telegraph Co., 30 S. W. Rep., 250.

The jury were the exclusive judges of the question of negligence. Rev. Stats., art. 1317; Mayo v. Tudor, 74 Texas, 471; Railway v. Murphy, 46 Texas, 366; Railway v. Greenlee, 70 Texas, 562.

The evidence showing, as it did conclusively, that appellee and said C. T. Hunter both resided out of the limits of free delivery in the town of Marlin, it was only incumbent upon appellant, under the law, to use ordinary care to effect a delivery to the said Hunter within the free delivery limits of Marlin, except upon the payment of special additional charge for such extra service, which was not made, and the court's charge instructing the jury to disregard appellant's contract as to limits of free delivery, except it had specially demanded extra compensation and found some person to demand it of, or if by any custom it had made delivery beyond the free delivery limits, was an unwarranted invasion of the contract between the parties and constituted error, for which this cause should be reversed.   Hargrave v. Telegraph Co., 60 S. W. Rep., 687;

Telegraph Co. v. Edsall, 63 Texas, 668; Telegraph Co. v. Taylor, 22 S. W. Rep., 532.

Appellee having through his agent, the sender of said message, voluntarily selected the said C. T. Hunter as his agent to receive said message, was bound by any existing arrangement made between the said C. T. Hunter and appellant in reference to the method and manner of the delivering of messages to him; and the proof showing, as it did conclusively, that the said Hunter resided outside of the established free delivery limits, the issue presented by such charge No. 3, was a valid defense and should have been submitted to the jury.

*Rice & Bartlett,* for appellee.—Although a person in whose care the message is sent had an understanding and agreement with the defendant company as to the time and place of delivering his own private messages, such agreement will not affect the question of diligence nor relieve the company from liability for its failure to use ordinary care in the delivery of a message designed for some one else. Thompson v. Telegraph Co., 30 S. W. Rep., 250; Telegraph Co. v. Mitchell, 44 S. W. Rep., 274; Telegraph Co. vs. Young 77 Texas, 245; Telegraph Co. v. Jackson, 46 S. W. Rep., 279; Railway v. Aylward, 79 Texas, 677; Railway v. Simcock, 81 Texas, 504; Baker v. Ashe, 80 Texas, 361.

Although Hunter may have had an understanding and agreement with the defendant company by the terms of which said company was to phone him as to arrival of any private messages for him, phoning him of the receipt of a message designed for some one else and sent in his care would not excuse the company from the exercise of ordinary care to deliver the same, and the court did not err in refusing the special charge requested. Thompson v. Telegraph Co., 30 S. W. Rep., 250; Telegraph Co. v. Mitchell, 44 S. W. Rep., 274; Telegraph Co. v. Young, 77 Texas, 245; Telegraph Co. v. Houghton, 82 Texas, 564; Barefoot v. Telegraph Co. 67 S. W. Rep., 912.

WILLIAMS, Associate Justice.—This case is presented upon the following certificate:

"This is an action by appellee against the appellant for damages arising from failure to deliver a telegraphic message, addressed to the plaintiff, care of C. T. Hunter, Marlin, Texas, announcing the death of appellee's brother; that by reason of such failure the appellee was prevented from attending the burial of his brother. Upon trial of the case in the court below, appellee recovered.

"Among the defenses pleaded by appellant were those to the effect that the appellee and C. T. Hunter, in whose care the message was sent, lived beyond the free delivery limits of the city of Marlin; that the message was sent and received on Sunday, and that by the rules of the company the business hours on Sunday closed at 10 o'clock a. m., and that before that time the appellant had exercised proper diligence to deliver the message to Hunter; that there was a special agreement existing

between appellant and Hunter, that the latter, on account of living out-side of the free delivery limits, should be notified by telephone message to his residence, sent by appellant, when a message should be received for Hunter, and that the appellant should not be required to send messages out to his residence; that in pursuance of such agreement, upon receipt of the message by the operator at Marlin, Hunter was notified by tele-phone that there was a message there for him at the telegraph office.

"The evidence in the record shows that Hunter lived in the city of Marlin, but beyond the free delivery limits, in accordance with the rules established by the appellant. The message in question was directed to the appellee, W. L. Pearce, care of C. T. Hunter, Marlin, Texas, and it appears from the facts that if the same had been delivered to Hunter any time during the day of Sunday, he could and would have notified the appellee of its contents, and if such had been the case the appellee could and would have reached the place of burial of his deceased brother. The operator of the appellant at Marlin, and the messenger or delivery boy, testified to the effect that before this message was received there was an agreement existing between appellant and Hunter to the effect that upon receipt of messages at Marlin for Hunter, notice of that fact should be sent to his residence, and he would either come or send to the telegraph office for the same. It also appears that the delivery boy, before 10 o'clock a. m. on the day of its reception, went to the business part of the town of Marlin, where he expected to find Hunter, for the purpose of delivering this message; but after search Hunter could not be found. The boy thereupon telephoned to the residence of Hunter, stating to the effect that a message was received, and some one, in reply thereto, stated in effect that Hunter was sick and would later on come to the office and get the message. No further effort, it seems, was made until the next day to deliver this message to Hunter. When delivered it was too late for the appellee to attend the funeral of his brother.

"The court, although requested, refused to instruct the jury on the sub-ject of the agreement and arrangement existing between Hunter and the agent of appellant, as to telephoning to Hunter's residence concerning the reception of messages at that point for him. The evidence in the record justified the submission of this issue. As we construe the case of Telegraph Company v. Young, 77 Texas, 245, the action of the court in refusing to submit this question to the jury was erroneous. In the case noticed the message was directed to Mrs. N. Young, care of W. R. Henry & Co. The facts show that the message was tendered to W. R. Henry and he declined to receive or forward it, and handed it back to the messenger with directions where to find Mrs. Young. The trial court instructed the jury, in effect, that if the defendant's agent tendered the message to Henry and he declined to receive it, and gave the mes-senger such directions as would enable him to find Mrs. Young by the exercise of reasonable diligence, then it was the duty of such messenger to make an effort to find her and deliver the message to her. The court held that this instruction was erroneous, and said:

" 'The liability of the company must be determined by the terms of its contract. Its obligation was not to deliver to W. R. Henry & Co. and to Mrs. Young, but to deliver to them as her agents, properly addressed to her, to be dealt with by them as they deemed best. The direction to Mrs. Young, care of W. R. Henry & Co., has the same meaning and legal effect as it would have had if the direction had been to W. R. Henry & Co. for Mrs. Young. The company contracted to deliver to W. R. Henry & Co., for the benefit of plaintiff's wife, and when they delivered to a member of that firm, their liability was at an end. The court should have so charged the jury.'

"The principle decided in this case is applicable here. The message stood as if directed to Hunter, and, such being the case, it would be governed by the contract made between Hunter and appellant's agent, relieving the latter from doing more than notifying the residence of Hunter by telephone that the message was received. It is not disputed but that the messenger telephoned to Hunter's residence, but Hunter contends that he received no such message by telephone, and did not know that one had been sent, and also denies the existence of such an arrangement.

"It will be noticed from the evidence of the witnesses of appellant upon this subject that their testimony is to the effect that their agreement was not to inform Hunter in person, but to telephone to his residence when a message was received. If such was the agreement, reaching the residence by telephone would be substantial compliance with it. The evidence concerning the agreement raised the issue of its existence, and the court should have submitted the question to the jury.

"It is unnecessary that we should state the other questions passed upon in the opinion. The ruling above set out was one of the grounds upon which the court based its judgment, reversing and remanding the cause. In opposition to the views expressed in so much of the opinion as above set out, is the opinion of the Court of Civil Appeals of the Second Supreme Judicial District of the State of Texas, in the case of Thompson v. Telegraph Company, 30 Southwestern Reporter, 250. There is an apparent conflict between the ruling of this court and the case cited. Therefore the Court of Civil Appeals of the Third Supreme Judicial District of Texas, through its Chief Justice, certifies to the Supreme Court, for its answer, the following question:

"Was it error in the trial court to refuse the instruction presenting the issue discussed by this court in its opinion, as above set out?"

The contract of the telegraph company was with the sender of the message, for the benefit of Pearce. By accepting the message, the company undertook with the sender, for the benefit of Pearce, to use reasonable diligence to transmit and deliver it to Hunter for Pearce. Hunter was not one of the contracting parties, and the agreement between him and the company, as to the delivery of his messages, could not alter the contract between other parties not made for his benefit. The duty of the defendant, under its contract with the sender of the message, was to deliver to Hunter for Pearce, or to exercise reasonable diligence to do

so, and not merely to do that which Hunter had agreed might be done with his own messages.

We think the opinion of the Court of Civil Appeals in this case, in its declaration of the law applicable, conflicts with that of the Court of Civil Appeals of the Second District in the case referred to, and the certificate is sufficient to enable this court, under the statute, to determine the conflict. The opinion certified holds that the agreement of the company with Hunter justified the defendant in not making delivery of the telegram to him, while the other decision holds the contrary. After the last named decision was made, another trial was had, in which the plaintiff recovered a judgment, which was affirmed by the Court of Civil Appeals. An application for writ of error from the judgment of affirmance was refused by this court. 94 Texas, 698. The special charge referred to stated the law to be as held in the opinion certified, and it follows from what we have said, the trial court did not err in refusing it.