WESTERN UNION TELEGRAPH COMPANY *v.* GULLEDGE.

Opinion delivered December 9, 1907.

1. TELEGRAPHS AND TELEPHONES—NOTICE OF SPECIAL DAMAGE.—A telegraph message addressed to plaintiff and apprising him that his brother is very sick and wants him to come immediately and wind up his business suggests on its face the near relationship of the parties, and gives notice that plaintiff would probably suffer mental anguish if the message was not promptly sent and delivered. (Page 506.)

2. SAME—DAMAGES—CONTRIBUTORY NEGLIGENCE.—Plaintiff can not recover damages for mental anguish suffered on account of the failure of defendant to deliver a telegram which would have apprised him of the serious illness of his brother in time to have reached the latter's bedside before his death if plaintiff knew the dangerous character of such illness from other sources in time to have gone to his brother's bedside before death and neglected to go there. (Page 506.)

Appeal from Ashley Circuit Court; *Zachariah T. Wood,* Judge; reversed.

*Geo. H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Appellant was notified of his brother's condition in time to have reached his bedside while he was still conscious. The telegram in suit would have conveyed no additional information. His own negligence bars recovery. 140 Fed. 316; 80 Tex. 420; 88 Tex. 230; 67 S. W. 849; 93 Tex. 114; 33 S. W. 728; 3 S. W. 496; 36 So. 188; Joyce on Electricity, § 972; Gray on Com. by Tel. § 100.

2. In the matter of instruments used and the competency of its servants, appellant is not an insurer, but is only held to the exercise of ordinary and reasonable diligence. 79 Ark. 12; 77 Ark. 434.

3. Worry over business matters is not in contemplation of the statute. The telegram on its face discloses only a business purpose, and there is nothing therein to put appellant on notice that mental anguish might result. 78 Ark. 545; 46 N. E. 358; 54 N. E. 774; 35 S. E. 468; 37 S. E. 479; 41 S. E. 881; 47 S. E. 597; 48 S. E. 559; 50 S. E. 6; Id. 190; Id. 198; Id. 537; 7 S. W. 715; 22 S. W. 534; Id. 960; 26 S. W. 216; 28 S. W. 699; 30 S. W. 1105; Id. 1107; 41 S. W. 469; 73 S. W. 1043; 89 S. W. 965.

*George & Butler,* for appellee.

Though the message to W. T. Gulledge conveyed information that the brother was very sick, yet it did not indicate the last extremity; and the surprise and hasty departure of W. T. without discussing the situation, and his assurance that he would wire plaintiff, might lead a jury to say that he was not guilty of negligence, or, if he was negligent, that it did not contribute to his injury, as his brother was unconscious before he could have reached him. 96 Am. St. Rep. 382. Contributory negligence is generally a question of fact for the jury, and becomes a question of law only when the facts are such that all reasonable men would draw the same conclusion therefrom. 56 Atl. 674; 62 Ark. 164; 144 U. S. 408; 69 S. C. 531; 61 S. W. 548. Where there is a reasonable excuse, delay will not be held against the complainant as negligence. 63 S. W. 1076; 75 S. W. 843; 69 S. W. 427. See, also, 17 S. W. 831; 106 Am. St. Rep. 377; 57 Ark. 429; 59 Ark. 215; 46 Ark. 182. Appellant cannot complain that no instruction was given on the question of contributory negligence, having requested none, but relied on its request for peremptory instruction. 65 Ark. 416; 75 Ark. 373; 80 Ark. 178; 78 Ark. 55.

HART, J.

The complaint in this case alleges that the defendant accepted for transmission the following telegram:

"Hamburg, Arkansas, April 13, 1905.
"R. E. Gulledge, White, Ark.

"Eugene very sick; wants you.   Come immediately, wind up his business.

[Signed]    "Mrs. W. T. Gulledge."

That this was to be sent "collect."   That plaintiff's brother lay dying at his home in Drew County, Arkansas, and said brother was possessed of large business interests, and wished plaintiff, in whom he had special confidence, to come and be intrusted with private details, and also to console him in his last illness.   That through defendant's neglect said message was never delivered, and his brother was dead and buried before the plaintiff knew that he was sick.   He asked for $1,000 damages.

Defendant answered, denying in detail all the allegations of the complaint, and averring that plaintiff knew of the critical illness of his brother on the 15th day of April, and that the brother did not die until the 17th of said month, so that plaintiff had ample time to reach his brother's bedside, had he so desired, and that plaintiff's brother was in practically the same condition as he was the 13th of April until within a few hours before his death.

It was admitted on the trial that the telegram in suit was delivered to defendant's agent at 12.55 P. M. on April 13, 1905, and accepted for delivery by the defendant's agent at Hamburg, Arkansas, but was never delivered to plaintiff.

At the trial the following evidence was introduced:  Mrs. Annie Gulledge testified: "I am the widow of Eugene Gulledge, who died on April 17, 1905, at Luella, Arkansas, about 9 miles from Monticello, of pneumonia.   He was sick one week.   He was 36 years old.   He had an older brother, W. T. Gulledge, and two younger than R. E. Gulledge, and a sister, Mrs. Morbin, living at Monticello.   He rented 20 or 25 acres, and also hauled staves. We lived on the old home place, which had been bought by W. T. and R. E. Gulledge, and had lived there three years and a half up to the time of Eugene's death.   For two years previous to that he had worked for wages for his brothers, W. T. and R E. Gulledge, at a saw mill. They paid him $40 or $50 a month.   He was not able to do heavy work steadily, but when he worked he would earn from $1.50 to $2.00 a day.   All the land

he owned was 120 acres, which his father had given him adjoining the old home place, on which he had cleared 15 acres. He had mortgaged this land for $250, which was owing at the time of his death. Since his death $156.25 has been paid by a sale of his horses, cattle and farm implements. I kept the household goods, two cows, four hogs and one horse. The administrator has sold all of his personal property except what I kept. W. T. Gulledge was the only one of plaintiff's brothers who was present when Eugene died. R. E. and John came after his death, but before the funeral. Mrs. Morbin was present when he died. He died about one o'clock Sunday night.

Dr. W. T. Stanley testified: "I was called to see Eugene Gulledge on April 15, 1905. He was very sick with pneumonia, and grew steadily worse, and on Sunday morning I told him he was going to die, and that if he had any business to attend to he had better attend to it. He did not regain consciousness after 11 o'clock Sunday morning. He had been unconscious at intervals before that. W. T. Gulledge arrived about two o'clock Sunday afternoon.".

R. E. Gulledge testified: "I am the plaintiff in this action, and a brother of Eugene Gulledge. I lived seven miles from him, and our relations were very close. Whenever he wanted anything, he came to me. There never had been any unkind feelings or ill will between us. I never got the telegram in the suit. The first I knew of my brother's illness was on Saturday afternoon about 2 o'clock of the 15th inst. It was at White, where we, W. T. Gulledge and I, were building a house. My brother, W. T. Gulledge, was there in his buggy; had been out to Ralls, and stayed all night. We were talking business when the man came up with the telegram. It was such a surprise we didn't have time to talk the matter over any. He got into his buggy and pulled out for Hamburg; said he could send me a message when he got there."

Q. "What was the next information you had?"

A. "I received a message Monday morning, between eight and nine o'clock that was sent from Monticello by telephone and then telegraphed to White."

Q. "What did you do then?"

A. "Hitched up and drove through the country out to

Monticello, got there at six o'clock. I learned, when I got there, he was dead."

Q. "You have stated in your complaint if that telegram was sent on the 13th at 12.25, and had been delivered to you you would have had time to go to your brother. State what your action would have been, had this telegram been sent you and delivered on the 13th or the morning of the 14th?"

A. "Well, if it had been delivered on the 13th, I could have got to my brother; could have gone to Colliston and up to Tillar."

Q. "The 14th?"

A. "I could have gone in my buggy, if it had been delivered in the morning, and could have seen him that night. I was very much grieved on account of my brother's death. I was also very much grieved not to get the telegram, for it showed that he wanted to see me about his business before he died. It was about some business that nobody else could attend to. If the message had been delivered, I could have been at his bedside 36 hours before he died, which would have been a consolation to me. Not getting there caused me mental anguish. If I had seen the message, I could have gone to him. My inability to see my brother for the purpose of business matters was not my greatest grief; that was on account of his death. When the message was delivered to W. T. Gulledge on April 15, I did not go to my brother's bedside. The message to W. T. Gulledge ran, "Eugene very low; come immediately. (Signed) Mrs. W. T. Gulledge." It was marked "delivered" at 10.50 A. M. of April 15, but I think it was about 2 o'clock when it was delivered. White is a town of about 200 or 300 population."

This was all the evidence; there was a jury trial, and a verdict for the plaintiff.

Appellant contends that the court erred in refusing to give instructions Nos. 1, 2 and 3, asked by it, as follows:

"1. You are instructed to find for the defendant.

"2. Before the plaintiff will be entitled to recover in this action any more than merely nominal damages, he must show that the defendant, or its agents, knew, when the message was received for transmission, or immediately thereafter, that mental suffering would probably result from a failure to send and deliver the message; and, since the message did not on its face

impart such information, you will find for the plaintiff merely nominal damages, unless the evidence shows that such information was given defendant, or its agent, in some other way.

"3. You are instructed that the telegram upon which this action is based is a business telegram, and upon its face gave no notice to defendant that any of the parties would probably suffer mental anguish, if it was not promptly sent and promptly delivered, and the plaintiff is entitled to recover merely nominal damage, and you will bring in your verdict for the plaintiff for one dollar."

There was no error in refusing to give instructions Nos. 2 and 3. The telegram on its face suggested the near relationship of the parties, and gave notice that plaintiff would probably suffer mental anguish if it was not promptly sent and delivered. *Western Union Telegraph Company* v. *Blackmer,* 82 Ark. 526.

Ought the court to have directed a verdict for the defendant? In this case no evidence was introduced in behalf of the defendant. The testimony for the plaintiff is undisputed. Plaintiff admits that the message, sent to his brother W. T. Gulledge, was delivered at two o'clock in the afternoon of Saturday the 15th inst., and that he read it at the time. This message apprised him of the fact that his brother was very low. No reason is given why he did not leave at once for his brother's bedside. He knew that he could have gone by train that night, or that he could drive there in ten or twelve hours. His brother did not become unconscious until eleven o'clock the next day after plaintiff received notice of his condition from reading the telegram to W. T. Gulledge. Had he left at once after receiving notice of his brother's condition, he would have reached his bedside several hours before he became unconscious. His failure to do so was the result of his own indisposition or lack of ordinary diligence on his part. *Western Union Tel. Co.* v. *Baker,* 140 Fed. 316; *Western Union Tel. Co.* v. *Matthews,* 67 S. W. 849; *Western Union Tel. Co.* v. *Hoffman,* 80 Tex. 420.

Reversed and remanded.