WESTERN UNION TELEGRAPH CO. v. JOHNSON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 20, 1913. Rehearing Denied Feb. 1, 1914.)

1. TELEGRAPHS AND TELEPHONES (§ 38*) — NEGLIGENCE IN DELIVERING MESSAGE — RIGHT OF ACTION—KNOWLEDGE.

Where a message sent by his brother on January 30th, to the effect that if he wanted to see his father alive, he should come at once, was not received by plaintiff until February 3d, when he sent a message of inquiry alleged to have been delayed in delivery, there was a necessary inference that he was then in doubt whether an immediate trip home would enable him to see his father alive or even to attend his funeral, and the rule that a cause of action will not lie for negligence in failing to promptly deliver a message when the information contained therein has already been acquired from other sources did not apply.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

2. TELEGRAPHS AND TELEPHONES (§ 38*) — ACTION FOR DELAY IN DELIVERY—MENTAL ANGUISH—NOTICE.

A message to the plaintiff, Lester J., from his brother to the effect that, if he wished to see his father alive, he should come at once, and a reply message, inquiring if plaintiff's father was still alive, and stating that "Lester" would be back that night, aside from oral information by the first sender, was sufficient to notify the company that the reply message was for the benefit of "Lester"; that the father of the first sender was seriously ill; that "Lester" named therein was related to him, and would probably desire to visit him if informed that he was still alive; and that mental an-

guish might probably result from negligence in delivering the reply.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

3. APPEAL AND ERROR (§ 219*)—GROUNDS OF REVIEW—OBJECTION TO FINDING.

Where a finding that plaintiff in an action for negligence in delivering a telegram was not guilty of contributory negligence was not challenged, the contention that judgment for him was erroneous, because he was guilty of contributory negligence, would be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. § 219.*]

4. TELEGRAPHS AND TELEPHONES (§ 38*)—OPERATION—REASONABLE OFFICE HOURS.

It is permissible for a telegraph company to establish reasonable office hours in certain localities, so that no action will lie for failure to receive and deliver messages during other hours; the reasonableness of such office hours depending upon the amount of business during other hours and the expense of keeping the office open.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

5. APPEAL AND ERROR (§ 931*)—REVIEW—IMPLIED FINDING OF FACT.

Where the trial court found that a telegraph company regularly closed its office from 8 p. m. Saturday until 10 a. m. the following morning, yet did not find that such closing hours were reasonable, and there was no statement of facts in the record, the Court of Civil Appeals could not imply a further finding that such office hours were reasonable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

6. APPEAL AND ERROR (§ 1031*)—STATEMENT OF FACTS—EFFECT.

In the absence of a statement of facts, the Court of Civil Appeals was unable to conclude that error, if any, in admitting certain evidence was harmful.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

7. TELEGRAPHS AND TELEPHONES (§ 66*)—ACTION FOR DAMAGES—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Plaintiff's evidence that he was informed by a third person that a message for him had been received and a reply message had been sent was admissible on the issue of plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

8. TELEGRAPHS AND TELEPHONES (§ 66*)—ACTION FOR DAMAGES — EVIDENCE — NEGLIGENCE.

In an action for damages for mental anguish from negligence in delivering plaintiff's reply telegram, evidence that plaintiff's brother had told defendant's agent how he might be reached by telephone, which fact the agent remembered when the reply came after regular office hours on Saturday evening, was admissible upon the issue of its neglect in not delivering it until 10 o'clock the following morning, provided that such office hours were not reasonable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

9. TELEGRAPHS AND TELEPHONES (§ 38*)—OPERATION—DELIVERY OF MESSAGE.

A telegraph company is bound to exercise ordinary diligence to deliver a message promptly.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Lester Johnson against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Arch Grinnan, of Brownwood, for appellant. Goodson & Goodson, of Comanche, for appellee.

DUNKLIN, J. The Western Union Telegraph Company has appealed from a judgment in favor of Lester Johnson for damages for the defendant's alleged negligence in delaying the delivery of a telegram sent over defendant's line from Glazier, Tex., to Comanche, Tex. The trial was without the intervention of a jury, and the trial judge has filed findings of fact and conclusions of law, which are as follows:

As conclusions of fact, I find:

"I. I find that the plaintiff, Lester Johnson, was the son of ―――― Johnson, and that his said father resided in the city of Comanche Tex., and died at 2 o'clock p. m. on Tuesday, the 6th day of February, A. D. 1912, in the city of Comanche, Tex., where he had been very sick for a week or two previous thereto, and that Lewis Johnson was a brother of Lester Johnson, who at and before his death was residing with his father in the city of Comanche, Tex., and taking care of him.

"II. I find that, for the purpose of giving Lester Johnson an opportunity of coming from his home at Ochiltree, Tex., to see his father while he was yet alive, and for the benefit of Lester Johnson, from defendant's office in the city of Comanche, Tex., on the 30th day of January, A. D. 1912, Lewis Johnson sent to Lester Johnson at Ochiltree, Tex., the following message: 'Comanche, Texas, 1/30/1912. Lester Johnson, Ochiltree, Texas. If you want to see your father alive, come at once. Lewis Johnson'—and at the same time paid the agent of the defendant for said message, and at said time stated to said agent that his father was dangerously sick, and that he wanted to send this message to his brother in order that he might come to Comanche, Tex., and see his father before he died, and that he, Lewis Johnson, expected a reply from this message, and told the said agent, where he lived, and that he did not have a phone in his house, but that Mr. G. W. S. Gage or Albert Lafferty, or Mrs. Gerganess, all of whom live just across the street from Lewis Johnson, all had phones, and told him some of the numbers of said phones, and requested that when the reply came he phone it to him at once, by phoning either of the above-named phones of his neighbors, who would come and get him, Lewis Johnson, to the phone; and said agent agreed to immediately phone the reply to said message to Lewis Johnson, as requested on receipt of same.

"III. I find that this message was correctly and properly transmitted, and delivered at Ochiltree, Tex., to Tom Atchley, a brother-in-law of Lester Johnson for the benefit of Lester Johnson, who at that time was absent from Ochiltree on a freighting trip at a considerable distance from his home, and that Lester Johnson did not return to Ochiltree, Tex., until about sundown on Saturday, February 3, 1912, when the message was delivered to him, Lester Johnson, and which was the earliest time that it could have been delivered to him, and I find up to this time there was no negligence committed by the defendant.

"IV. I find that on Saturday, February 3, 1912, at 11:45 a. m., Lester Johnson not having returned home from his freighting trip, his brother-in-law, Tom Atchley, acting for Lester Johnson, caused to be delivered to the defendant's agent at its office in Glazier, Tex., the following message for transmission to Lewis Johnson at Comanche, Tex.: 'Glazier, Texas, Feb. 3, 1912. Lewis Johnson, Comanche, Texas. Is your father alive? Lester not here, will be home tonight. Answer. Tom Atchley.' And that defendant transmitted said message, and it arrived at the defendant's office in the city of Comanche, Tex., at 8:21 o'clock p. m. Saturday, February 3, 1912, and at that time the defendant's office in Comanche, Tex., was open, and its agent was in the office attending to the defendant's business as such agent, and at said time received said message off the wire in said office, and another message to a different party at about the same time, and at said time said agent then knew and remembered that this was an answer sent to Lewis Johnson by Tom Atchley for Lester Johnson, in answer to the telegram that Lewis Johnson had sent, and to which Lewis Johnson had told him that he would receive an answer, and then knew and remembered the telephone number that Lewis Johnson had given him to deliver said message to, which number was at that time connected with the phone then in his office, and then knew and remembered that he had promised Lewis Johnson to immediately telephone said answer to said telegram to and thus make delivery of the same.

"V. I find that Tom Atchley acting for Lester Johnson sent this telegram in order to find out whether or not the father of Lester Johnson had died, so if he had not and was still alive, that as soon as a reply was received to it stating that he was alive that Lester Johnson, who would return that evening, would then leave Ochiltree, Tex., immediately and come to see his father, and

―――――――――――――――――――――――――――――――――
*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

come in order to be with his father before he died.

"VI. I find that the message referred to in paragraph 4 above of these findings of fact was phoned from Ochiltree to Glazier, Tex., and was, at the latter point, delivered to the defendant's agent at Glazier, Tex., at 11:45 a. m. on February 3, 1912, by a boy by the name of Russell, and was worded as follows: 'Glazier, Texas, Feb. 3, 1912. To Lewis Johnson, Comanche, Texas, Is your father alive? Lester not here, will be home tonight. Answer. Tom Atchley.' That at the time the defendant agent received said message at Glazier, Tex., for transmission, he did not know any of the parties to said message, and he had no knowledge of the intent or purpose of said message, except what appeared on the face of the message itself, and this fact was agreed to on the trial of this case.

"VII. I find that when the agent at Glazier, Tex., received said message, it was sufficient to put him on notice that it was sent for the benefit of the party therein named as 'Lester,' who the message stated was not yet at home, and that Lewis Johnson and Lester were brothers, and the sons of the Johnson, their father, at Comanche, Tex., who was about to die, and that it was sent for the benefit of Lester to enable him, if his father was still alive, to start at once to his bedside.

"VIII. I find that at the time the message was received at Comanche, Tex., it was and had been the custom, rule, and habit of defendant company, and was so at the time said agent made the promise to Lewis Johnson, without reference to delivery limits, to deliver messages outside and in the residence portion of Comanche, Tex., over the telephone, and I further find there was no sufficient evidence to support the claim of the defendant that the point at which the agent had agreed to deliver the telegram over the phone was beyond the free-delivery limits claimed by it, from its office, and the defendant failed to prove said allegation in its answer. I further find in this connection that if, under the particular circumstances disclosed by these findings, if the defendant had any rule as to delivery beyond the free-delivery limits that forbade the delivery of this telegram under the circumstances above disclosed, it was unjust, unreasonable, and should not be enforced.

"IX. I find that the defendant had regular established office hours at Comanche, Tex., during the months of January and February, 1912, and that its said office hours during week days was from 8 o'clock a. m. to 8 o'clock p. m., and on Sundays from 10 o'clock a. m. to noon, and from 4 o'clock p. m. to 6 o'clock p. m. That on the night of February 3, 1912, the defendant's agent at Comanche, Tex., remained in said office after defendant's office hours, and after defendant's messenger boy had gone home, for the purpose of accommodating a party who was going to leave town that night, and who was expecting a message and wanted to receive it before he left, and while said agent was so waiting to receive said message, at 8:21 o'clock that night, the following message came, and he received it off of defendant's wires, to wit: 'Glazier, Texas, Feb. 3, 1912, To Lewis Johnson, Comanche, Texas. Is your father alive? Lester not here, will be home tonight. Answer. Tom Atchley.' That defendant's office boy had gone home, and defendant's said agent did not try to deliver said message that night. That said agent testified that he never did violate said office hours except one time, as above shown, and defendant nor its superintendent did not know of said violation, and did not authorize it. In this connection, however, I find that on this particular occasion the agent was in the office, and was in said office attending to the duties of said office as such agent, and received this message over the wire and took it off the wire, and made such entry and disposition of the same as would be usual and customary in the discharge of the duties of the office during office hours, and then had a phone connecting with the phone numbers and names given him for delivery, which he then remembered and knew, and knew he had promised to make delivery at, and instead of making such delivery, he failed to do so, and did not deliver the same until about 10 o'clock the next day, Sunday, February 4, 1912, at which time the message was delivered to Lewis Johnson over the phone, and to one of the parties and numbers given him theretofore by Lewis Johnson.

"X. I find that the defendant was negligent in not delivering over the phone the message to Lewis Johnson at the time that it was received, and at that time Lewis Johnson could have been at once reached over the phone numbers and names he left to have it delivered over, and would have received it immediately upon its transmission over the phone to that number, and that if it had been so delivered to him, he would have immediately sent another message to Lester Johnson that his father was still alive, and for him to come at once, and that upon the delivery of said message to Lester Johnson, he could and would have left his home immediately upon the receipt of said information, and could and would have come at once to Comanche, Tex., and could and would have reached the bedside of his father about 10 or 12 hours prior to his death, and would have had the comfort and consolation of being with his father that long before he died; but because of the failure to so promptly deliver said telegram to Lewis Johnson, and the failure to deliver it to him until the time it was delivered, Lewis Johnson was unable to send Lester Johnson a wire until that time, and which wire then sent was as follows: 'Comanche, Texas, 2/4/1912. Lester Johnson, Ochiltree, Texas. Father is alive, but can't

last many days. Come. Lewis Johnson.' And I find that this message was sent by Lewis Johnson at 10:35 o'clock a. m. on Sunday morning, February 4, 1912, in about 30 or 40 minutes after the telegram had been delivered to him, and was promptly sent and delivered to Lester Johnson at Ochiltree Tex., reaching there about sundown on Sunday, February 4, 1912, and that Lester Johnson at once left there for Comanche, Tex., by the first and quickest railroad route to Comanche, Tex., but on account of said delay in the delivery of said telegram to Lewis Johnson arrived in Comanche about 14 hours after the death of his father, and too late to be with him during the last hours of his life, and was thereby denied the consolation and comfort of being at the bedside of his father prior to his death

"XI. I find that Lester Johnson's father had been for a long time in the usual decline, occasioned by Bright's disease, and at that time Lester Johnson knew of the same, and that his father would at times apparently be near death and rally, and be much better for days and weeks, and then again sink into the usual condition of a person affected with that disease, and that Lester Johnson knew this, and at the time he was very poor, and had to freight a great distance for his living, and had a wife and several small children to support therefrom, and hard-pressed for means, and on this account felt himself too poor to visit his father unless he thought he was in imminent danger of death, and when he returned on the Saturday afternoon from the freighting trip, and was told by Atchley of receiving the first telegram from Lewis Johnson, and was delivered that message, that Atchley informed him that he had that morning sent another wire to Lewis Johnson to inquire whether his father was still alive or not; that it had been several days since Atchley had received for him the first telegram, and that he did not know but what his father then was dead and buried, and that he concluded to wait before starting the reply that he would receive from Atchley's telegram from Lewis Johnson, and this was induced largely by his poverty and the surroundings named, and if his father was still alive he would come at once to see him, and be with him some while before he died, and under these circumstances I find as a fact that Lester Johnson was not guilty of contributory negligence, and was not guilty under the circumstances of negligence at all.

"XII. I find as a fact that immediately on receiving the last message of Lewis Johnson, Lester Johnson from Glazier, Tex., sent the following telegram, to wit, and followed the same by coming on to Comanche, Tex., at once, as before found, to wit: 'Glazier, Texas, Feb. 5th 1912. Lewis Johnson, Comanche, Texas. I will be there Wednesday. I am at Glazier now. Lester Johnson.'

"XIII. I find that the defendant has never owned and has never been interested in any line of telegraph or telephone running to Ochiltree, Tex., but that defendant's lines only run to Guymon, Okl., and to Glazier Tex., and that defendant does not contract to deliver messages to parties at Ochiltree, Tex., but only contracts to deliver to any connecting line at the destination of defendant's line. In this connection, however, I find that messages originating at Comanche, destined for Ochiltree, or originating at Ochiltree, destined for Comanche, are transmitted over the wires of the defendant company between Comanche and Glazier, and between Comanche and Guymon, but between Guymon and Ochiltree and Glazier and Ochiltree such messages are transmitted by the telephone company with which the defendant company connects at Guymon and Glazier.

"XIV. I find that it is 65 miles from Ochiltree, Tex., to Glazier, Tex., and from Ochiltree to Guymon, Okl., is the same distance.

"XV. I find that it was agreed by the plaintiff and defendant on the trial of this case that the plaintiff would only rely for his recovery in this case upon proof of the negligence of the defendant's agent in delaying the delivery of the message from Tom Atchley to Lewis Johnson after he received it off the defendant's wires on the night of February 3, 1912, at Comanche.

### "Conclusions of Law.

"I find that the defendant was negligent in failing to deliver to Lewis Johnson at the telephone name and number given defendant for delivery of the telegram sent by Tom Atchley in answer to the former telegram sent by Lewis Johnson to Lester Johnson, and that this negligence was the proximate cause of the failure of Lester Johnson to be with his father for several hours before his death, and to enjoy the comfort and consolation of being with his father for that long during his lifetime, and on account of which Lester Johnson suffered mental anguish and trouble, and suffered damages to the extent of $500, and which suffering and damages was the proximate result of said negligence, and that he is entitled to a judgment of $500 against the defendant, which is now adjudged and rendered against the defendant, together with all cost."

Except as hereafter shown, no complaint is made of any of the findings of fact; the conclusions of law based thereon only being challenged.

The telegrams shown in the findings of fact were alleged in plaintiff's petition.

[1] By the first assignment of error appellant insists that the court erred in overruling its general demurrer to the plaintiff's petition, for that it appears therefrom that plaintiff, on February 3d, received the first mes-

sage sent by his brother, telling him that if he desired to see his father alive he should come at once, and the petition contains no allegation of any reasonable excuse for plaintiff's failure to start to Comanche as soon as he received that message, instead of awaiting a reply to the message sent by Tom Atchley. The case of W. U. Tel. Co. v. Gulledge, 84 Ark. 501, 106 S. W. 957, and other decisions, are cited to sustain this assignment. Those decisions announce the rule that a cause of action will not lie for negligence in failing to promptly transmit and deliver a message when the information contained in the message has already been acquired from other sources. Those authorities would be applicable here but for the fact that the telegram first sent by Lewis Johnson to his brother, telling him to come at once if he desired to see his father alive, was dated January 30th, and plaintiff did not receive it until February 3d, and the inference would necessarily arise that at the time plaintiff received that message he was in doubt whether or not an immediate trip to Comanche would enable him even to attend his father's funeral, much less to see him alive.

[2] By another assignment it is insisted that the message from Tom Atchley contained no notice upon its face that the damages claimed by plaintiff in this suit might probably be expected as a result of a failure to promptly deliver the telegram, and as the court has found that defendant's sending agent at Glazier had no knowledge of the purpose for which said message was sent, except what appeared on its face, the damages sued for were not in the contemplation of the defendant at the time of the contract to send the message, and hence no judgment therefor could be rendered. As shown by the findings, the only negligence for which a recovery was sought was that of the defendant's agent at Comanche in delaying the delivery of the message from Tom Atchley to Lewis Johnson after he received it on the night of February 3d at Comanche. The message from Tom Atchley was itself sufficient to impart notice to appellant that it was for the benefit of "Lester," that the father of Lewis Johnson was seriously ill, that "Lester" named therein was related to him, and probably would desire to visit him if informed that he was still alive. W. U. Tel. Co. v. Jenkins, 152 S. W. 198; W. U. Tel. Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826; W. U. Tel. Co. v. Steele, 110 S. W. 546. It further appears that, independent of the terms of that message, appellant's agent at Comanche sent the first message which, unquestionably, was sufficient notice of those facts, and at the time he sent that message Lewis Johnson gave him the same information orally. Bourland v. Choctaw, O. & G. Ry. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647; Erie Tel. & Tel. Co. v. Grimes, 82 Tex. 89, 17 S. W. 831; W. U. Tel. Co. v.

Nagle, 11 Tex. Civ. App. 539, 32 S. W. 707.

[3] The only issue presented by the failure of Lester Johnson to start to Comanche immediately upon receipt of the first message, instead of awaiting the reply to Tom Atchley's message, was that of appellee's contributory negligence, and as the finding in his favor on that issue is not challenged by appellant, the contention that the judgment was erroneous because appellee showed no reasonable excuse for failing to start as soon as he received the first message must be overruled.

[4, 5] By another assignment it is insisted that the judgment is erroneous by reason of the finding by the court that the message from Atchley was received at Comanche after the close of appellant's regular office hours theretofore established. It is well settled by the decisions in this state that it is permissible for a telegraph company to establish reasonable office hours for business in certain localities, and that no action will lie for failure to receive and deliver messages at such places during other hours. W. U. Tel. Co. v. Neel, 86 Tex. 368, 25 S. W. 15, 40 Am. St. Rep. 847; W. U. Tel. Co. v. Rawls, 62 S. W. 136; W. U. Tel Co. v. Pearce, 95 Tex. 578, 68 S. W. 771. Whether business hours so established for any particular office are reasonable depends, of course, upon the amount of business reasonably to be expected during the hours the office is to be closed, and the expense of keeping it open. While the trial judge found that appellant had established regular office hours for transacting business in Comanche, according to which its office was closed at 8 o'clock on Saturday night and remained closed until 10 o'clock the following morning, yet he did not find that the hours so established were reasonable. Just what the evidence, if any, upon this issue tended to show we are unable to determine, as the record contains no statement of facts. In order for this court to sustain appellant's contention that it owed no duty to deliver the message between the time it was received at Comanche on Saturday night and 10 o'clock the following day, it would be necessary to imply a further finding of fact by the trial judge, in effect, that the office hours established for the transaction of business in Comanche were reasonable. This we would not be authorized to do.

[6, 7] Error has been assigned to the action of the court in permitting Lewis Johnson over appellant's objection to testify that at the time he sent the first message to his brother he then told the agent he expected a reply, and also informed him where he could be called by telephone if the reply should come, and requested the agent to call him if such a message should be received, which the agent agreed to do. In effect, the objection urged to this testimony was that, as the conversation occurred prior to the date of the message made the basis of this suit, it formed no part of the contract to

transmit the same, and hence was irrelevant and immaterial. A sufficient answer to this assignment is that, in the absence of a statement of facts, we are unable to conclude that the error, if any, in admitting the testimony was harmful. The same facts may have been proven by other testimony without objection.

The foregoing conclusion applies also to the assignment in which complaint is made of the action of the court in overruling appellant's objection to appellee's testimony that upon his return to Ochiltree on February 3d he was informed by Atchley that the message upon which the suit is founded had been sent to Comanche. Furthermore, this testimony clearly was admissible on the issue of appellee's contributory negligence.

The information given to the agent at Comanche when the first message was sent, together with the agent's agreement to deliver any reply message thereto by telephoning appellee, were alleged in plaintiff's petition, and an assignment of error is presented to the action of the trial court in overruling a special exception to those allegations. The grounds stated in the exception are substantially that the facts so alleged were prior to the sending of the message upon which the suit is predicated, and the alleged agreement of the agent to notify Lewis Johnson of the receipt of any reply to the first message was without consideration to support it.

[8, 9] If it should be held that the alleged parol agreement of the agent at the time the first message was sent, to deliver the reply to Lewis Johnson by telephoning same to a certain address, would not be a proper basis for the recovery sought, yet the exception could not be sustained for the reason that the facts alleged in the pleading to which the exception was addressed, viz., that Lewis Johnson, on the occasion last referred to, also told the agent of the location of his residence and how he could be reached by telephone if a message should be received for him, and which facts were remembered by the agent when the message came Saturday night, were material to the issue of alleged negligence of the same agent in failing promptly to deliver the reply message after its receipt by him at Comanche. At all events, appellant was bound to exercise ordinary diligence to deliver the message promptly, and the fact that the agent who received it at Comanche knew, at the time of its receipt, that the addressee could be reached immediately simply by using the telephone, then at hand, certainly could be considered in determining whether or not he was negligent in failing to deliver it until 10 o'clock the following morning, provided the defense urged that the office hours theretofore established were reasonable was not sustained. Bourland v. Choctaw, O. & G. Ry. Co., supra.

The judgment is affirmed.